UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAMIE S. COLLINS )
)
v. ) NO. 2:06-CV-175
)
BROCK EPPS, Jailer; RON INMAN, )
Chief Jailer; OTTO PURKEY, Sheriff; )
JIM BROOKS, Jailer; and HAMBLEN )
COUNTY JAIL )

**MEMORANDUM and ORDER**

*Pro se* prisoner Jamie S. Collins brings this civil rights complaint under 42 U.S.C. § 1983, seeking injunctive relief from the alleged wrongful conditions under which he is confined in the Hamblen County Detention Center [HCDC] in Morristown, Tennessee. The plaintiff's application to proceed *in forma paupers* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case filed in this district, the plaintiff submitted a

1

Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling the plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit (or individual defendants or claims against them) must be dismissed.

For ease of discussion, the claims are grouped according to the defendant(s) against whom the claims are asserted.

** Claims against Defendants Ron Inman and Otto Purkey.

In the complaint, the plaintiff contends that, though he is a misdemeanant and was found "not guilty" [of a felony?], he is housed with felons, including bank robbers, kidnappers and drug dealers and that, when he asked to be moved back with other misdemeanants, Chief Jailer Ron Inman responded "Not 'till the Lord [comes] back." Furthermore, plaintiff's statement that he was going to be beaten up if he were not moved was relayed to defendant Inman, who purportedly responded that plaintiff

---

statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148 (E.D.Tenn. 2005). Thus, the Court concludes that plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, plaintiff has been assessed the filing fee and this constitutes a financial obligation on his part.

"deserved everything" he got and more. The Court infers that the plaintiff is asserting that, as a misdemeanant, he has a right not to be housed with felons.

The plaintiff, however, has failed to cite to any authority, and the Court knows of none, which would support the premise that he possesses any such a right or that this type of housing arrangement violates the Constitution. Indeed, the plaintiff has no constitutionally-protected entitlement to be confined in any particular facility or any particular area of the jail. *See Meachum v. Fano*, 427 U.S. 215, 224 (1983). Thus, his allegations against defendant Inman fail to state a claim for relief under § 1983.

Plaintiff states his claim against [now former] Hamblen County Sheriff Otto Purkey thusly: "Mr. Inman told me in front of about 20 inmates....that the Sheriff Otto Purkey orders was that...." This allegation ends abruptly on the bottom of page 3 of the complaint and is not continued, as the plaintiff indicates, to the back of the page. Clearly, the mere allegation that a defendant sheriff gives an order does not make out a constitutional claim and is frivolous.

** <u>Claims against Defendants Brock Epps and Jim Brooks</u>.

Plaintiff asserts that, when he requested a grievance form, defendant Brock Epps told him that he would get back to him later, but never came back. Plaintiff has no federal constitutional right to a grievance procedure. *LaFlame v. Montgomery*

3

*County Sheriff's Department*, 3 Fed.Appx. 346, 348, 2001 WL 111636, \*\*2 (6th Cir. Jan. 31, 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)).[2] By logical extension, plaintiff has no right to be supplied with a grievance form and defendant Epps' alleged failure "to get back" to plaintiff is not a constitutional infringement.

In plaintiff's second claim, he contends that he told defendant Epps that, if he were not moved, he would be beaten up. Defendant Jim Brooks conveyed plaintiff's comment to defendant Inman.

The Eighth Amendment is violated by a jailer's deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). To state a claim of deliberate indifference for failing to protect plaintiff from harm inflicted by another inmate, plaintiff must establish that not only were defendants Epps and Brooks aware of facts from which they could draw an inference that an excessive risk of serious harm existed, but that they actually drew that inference. *Id.* at 837.

Plaintiff's allegations fall short: the complaint is devoid of any facts to prove

---

[2] Though citation to an unpublished case is disfavored in this circuit, in the absence of any Sixth Circuit published case law, this unpublished case has been cited since "it establishes the law governing the present action and since 'there is no [Sixth Circuit] published opinion that would serve as well.'" *Norton v. Parke*, 892 F.2d 476, 479 n.7 (6th Cir. 1989)).

that housing felons together with misdemeanants, in and of itself, poses an excessive risk of serious harm to him, much less that the defendants knew of the risk, but disregarded it. Absent any contentions concerning an excessive risk or knowledge of the risk on the part of defendants, plaintiff fails to state a viable Eighth Amendment claim.

\*\* <u>Claims against Jailers/Guards.</u>

The first claim in this category of claims, is that, for two months, the plaintiff asked several unidentified jailers for grievance forms, but that they just smiled and kept going. As observed previously, plaintiff has no right to a grievance system or to be provided forms to be used to file a grievance.

The second claim in this section and the final one in the complaint is contained in the "Relief" part of the complaint instead of the "Statement of Claims" part. (Compl. at ¶V). Be that as it may, plaintiff asserts, in this claim, that unidentified guards have placed him with unidentified felony prisoners and instructed them to beat him. While it is true that the Eighth Amendment may be violated where a guard's remark—made to incite other inmates to do violence to a fellow prisoner—results in the prisoner being severely beaten by those inmates, *Northington v. Jackson*, 973 F.2d 1518, (10th Cir. 1992), plaintiff has not alleged that he received any injury as a result of the defendant jailers' instructions to the felony prisoners. Absent some kind of

injury, there has been no infliction of pain and no infringement upon plaintiff's Eighth Amendment right.  *See Gonzales v. Ryan*, 1997 WL 664728, at *1 (6th Cir. Oct. 23, 1997) (finding no 8th Amendment claim where plaintiff had never been threatened or attacked by fellow inmates ).

\*\* Claim(s) against Hamblen County Jail.

Plaintiff has made absolutely no allegations of unconstitutional conduct against the jail, but, even if he had, they would not survive the screening process because this defendant is a building and not a person who is subject to suit under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 113 F.3d 1234, 1997 WL 225647, \*\*1 (6th Cir. May 1, 1997).

Based on the above discussion, the Court finds that plaintiff has failed to state a claim entitling him to relief under § 1983 and that his case should be and will be dismissed by separate order.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE